

Emily DiBenedetto
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0713
edibenedetto@shawkeller.com

October 17, 2022

**BY CM/ECF & HAND DELIVERY**
The Honorable Colm F. Connolly
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:   *Xhail USA, Inc. and Xhail, Inc. v. Michael J. Kiely,*
            C.A. No. 22-579-CFC

Dear Chief Judge Connolly:

    Filed concurrently herewith, please find the affidavit of Crevan Higgins, Group Financial Controller for the Xhail group of companies that includes plaintiffs Xhail USA, Inc. and Xhail, Inc. The affidavit attaches several pieces of evidence intended for the October 18, 2022 hearing (D.I. 10), including defendant's paystubs, illustrative amortization tables based on the terms of the two contracts at issue, and the termination letter sent to defendant.

    The damages sought in plaintiffs' motion for default judgment for sum certain (D.I. 8) were computed up to the date of the motion (June 2, 2022): $237,425.99, combined with pre-judgment, post-judgment interest, and contractual interest to be calculated from the date of judgment. The interest computed in the illustrative amortization tables is calculated up to the date of the upcoming hearing, October 18, 2022.

    Second, the damages sought in D.I. 8 were computed for the First Loan Agreement (D.I 1-1) based on expectation damages, in which the sum of principal and expected interest over the expected life of the loan were added to the interest which has accrued since defendant's last payment (November 19, 2022) and exceeded the expected interest. Simply put, the damages were computed by subtracting the defendant's payments ($41,487.16) from the expected interest over the life of the loan ($7175.16) prior to subtracting them from principal ($210,000.00). In contrast, the damages computed in the illustrated amortization tables make the more conservative assumption that defendant's payments on the First Loan Agreement (D.I. 1-1) applied to both principal and interest throughout the life of the loan, wherein the expected

SHAW KELLER LLP
Page 2

amount of interest over the life of the loan was omitted, and defendant's payments went toward principal before they paid off the expected amount of interest over the life of the loan.

Respectfully submitted,

*/s/ Emily S. DiBenedetto*

Emily S. DiBenedetto (No. 6779)

cc:   Clerk of the Court (by CM/ECF and Hand Delivery)
      All counsel of record (by CM/ECF and E-mail)