# EXHIBIT A

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| XHAIL USA, INC. and XHAIL, INC. | ) <br> ) <br> ) <br> ) |
| _____ <br> *Plaintiff(s)* | ) <br> ) |
| v. | ) Civil Action No. |
| MICHAEL J. KIELY | ) <br> ) |
| _____ <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Michael J. Kiely
2093 Mount Olympus Drive
Los Angeles, CA 90046

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Emily S. DiBenedetto
Shaw Keller LLP
I.M Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

/s/ John A. Cerino

Date: _____        _____
*Signature of Clerk or Deputy Clerk*

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XHAIL USA, INC. and XHAIL, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| MICHAEL J. KIELY, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiffs Xhail USA, Inc. and Xhail, Inc. ("Xhail") demand trial by jury and file this complaint against defendant Michael J. Kiely ("Kiely").

## **NATURE OF THE ACTION**

1.      This is a breach of contract action for damages based on Kiely's failure to honor two personal loan agreements, issued by Xhail.

## **THE PARTIES**

2.      Plaintiff Xhail USA, Inc. is a corporation organized under the laws of Delaware, with its principal place of business at 1 Boston Place, Ste. 2600, Boston MA 02108.

3.      Plaintiff Xhail, Inc. is a corporation organized under the laws of California, with its principal place of business at 1 Boston Place, Ste. 2600, Boston MA 02108.

4.      On information and belief, defendant Michael J. Kiely, also known as "Mick" Kiely and Michael John Kiely, is a citizen of Ireland with an address at Kiltannon Home Farm, Tulla, Co Clare, Ireland, V95 XOE1. Kiely was admitted to the United States on November 17, 2021 in B1 temporary business visitor visa status, with an I-94 expiration date of May 16, 2022. Kiely has received mail at 2093 Mount Olympus Drive, Los Angeles, CA 90046 and c/o XHAIL Inc., 8921

Sunset Boulevard, West Hollywood, CA 90069.

## JURISDICTION AND VENUE

5.      This court has personal jurisdiction over defendant Kiely by consent. He signed two loan agreements, both of which include identical language indicating that each "agreement and any dispute or claim (including non-contractual disputes or claims) arising out of or in connection with [the agreement] shall be governed by and construed in accordance with the laws of the state of Delaware." Exhibit A at 6.1; Exhibit B at 6.1. Further, "[e]ach party agree[d] that the courts in the state of Delaware shall have exclusive jurisdiction over any dispute or claim that arises out of or in connection with [each] agreement." Exhibit A at 6.2; Exhibit B at 6.2.

6.      This Court has subject matter over this matter based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2) because (i) plaintiff XHail USA, Inc. is a citizen of Delaware and Massachusetts, (ii) plaintiff Xhail, Inc. is a citizen of California and Massachusetts, and (iii) defendant is a citizen of Ireland, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS

8.      On or about June 15, 2021, the parties entered into a written agreement (the "First Loan Agreement") in which plaintiff Xhail USA, Inc. was identified as the "Lender," plaintiff "Xhail California," referring to Xhail, Inc., was identified as a party, and defendant Kiely was identified as the "Borrower." Exhibit A.

9.      Pursuant to the First Loan Agreement, plaintiff Xhail USA, Inc. promised to lend Kiely the sum of $210,000.00 by advancing the full amount of the loan to Kiely on the same day that the contract was dated, June 15, 2021. Exhibit A at 1.1, 1.2. In consideration, Kiely promised

to repay the loan with interest in monthly installments beginning on the repayment date, identified as July 2, 2021. Exhibit A at 4.1.

10.     Pursuant to the First Loan Agreement, Kiely agreed that the loan would accrue interest at a rate of 3% per annum, compounding on June 16, 2021. Exhibit A. at 3.1.

11.     Pursuant to the First Loan Agreement, Kiely promised to repay the loan and interest in 57 biweekly installments of $3,771.56 and a final payment of $2,196.24, to be paid on September 8, 2023. Exhibit A at 4.1.

12.     Pursuant to the First Loan Agreement, Kiely irrevocably authorized plaintiff Xhail, Inc. to deduct the biweekly installments from Kiely's salary earnings and apply those against the balance of the loan and interest thereon. Exhibit A at 4.1.

13.     Plaintiff Xhail, Inc. deducted eleven biweekly installments of $3,771.56 from Kiely's salary earnings paid on July 2, 2021, July 16, 2021, July 30, 2021, August 13, 2021, August 27, 2021, September 10, 2021, September 24, 2021, October 8, 2021, October 22, 2021, November 5, 2021, and November 19, 2021. Through these installments, Xhail, Inc. applied a sum of $41,487.16 to Kiely's balance of loan and interest thereon, pursuant to the First Loan Agreement.

14.     Pursuant to the First Loan Agreement, $7,175.16 was the interest accrual expected between June 15, 2021 and the expected final payment date, September 8, 2023. *See* Exhibit A at 1.1, 4.1 (showing that the sum of the biweekly installment payments is $217,175.16).

15.     Pursuant to the First Loan Agreement, additional interest beyond September 8, 2023 will accrue daily at a rate of 3% per annum compounding on June 16, 2021. Exhibit A at 3.1, 3.2.

16.     Kiely was notified that his status as an employee of Xhail, Inc. was terminated, effective November 19, 2021, after which Kiely stopped receiving a salary from Xhail.

17.     To date, Kiely has failed to make any additional payments toward the outstanding balance of his loan and interest thereon, as required by the First Loan Agreement, after his eleventh installment payment deducted from his salary earnings paid on November 19, 2021.

18.     On or about June 16, 2021, the parties entered into a second written agreement (the "Second Loan Agreement") in which plaintiff Xhail USA, Inc. was identified as the "Lender," plaintiff "Xhail California," referring to Xhail, Inc., was identified as a party, and Kiely was identified as the "Borrower." Exhibit B.

19.     Pursuant to the Second Loan Agreement, plaintiff Xhail USA, Inc. promised to lend Kiely the sum of $60,000.00 by advancing the full amount of the loan to Kiely on the same day that the contract was dated, June 16, 2021. Exhibit B at 1.1, 1.2. In consideration, Kiely promised to repay the loan in full together with all interest accrued thereon on the repayment date, identified as September 16, 2021. Exhibit B at 4.1.

20.     Pursuant to the Second Loan Agreement, $451.13 was the interest accrual expected between June 16, 2021 and the repayment date, September 16, 2021. *See* Exhibit B at 1.1, 4.1 (showing that the sum owed to the Xhail USA, Inc. on the repayment date was $60,451.13).

21.     Pursuant to the Second Loan Agreement, Kiely agreed that the loan would accrue daily interest at a rate of 3% per annum, compounding on June 17, 2021. Exhibit B. at 3.1.

22.     Pursuant to the First Loan Agreement, additional interest beyond September 16, 2021 accrued daily and continues to accrue daily at a rate of 3% per annum compounding on June 16, 2021. Exhibit B at 3.1, 3.2.

23.     To date, Kiely has failed to make any payments toward the outstanding balance of his loan and interest thereon, pursuant to the Second Loan Agreement.

## FIRST CAUSE OF ACTION

### Breach of Contract

24.    Plaintiffs incorporate by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 23 above.

25.    The parties executed a valid contract, the First Loan Agreement, on or about June 15, 2021.

26.    Kiely has failed to pay the amounts owed and has therefore breached the First Loan Agreement.

27.    Plaintiffs Xhail have been damaged by Kiely's failure to meet his obligations under the First Loan Agreement.

28.    Accordingly, pursuant to the First Loan Agreement, and resulting from Kiely's breach thereof, through Kiely's last installment payment on November 19, 2021, Kiely owes Xhail $175,688.00.

## SECOND CAUSE OF ACTION

### Breach of Contract

29.    Plaintiffs incorporate by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 28 above.

30.    The parties executed a valid contract, the Second Loan Agreement, on or about June 16, 2021.

31.    Kiely has failed to pay the amounts owed and has therefore breached the Second Loan Agreement.

32.    Plaintiffs Xhail have been damaged by Kiely's failure to meet his obligations under the Second Loan Agreement.

33.     Accordingly, pursuant to the First Loan Agreement, and resulting from Kiely's breach thereof, through September 16, 2021, Kiely owes Xhail $60,451.13.

34.     Additionally, pursuant to the First Loan Agreement, Kiely owes plaintiffs interest in an amount to be determined at trial, accrued daily after September 16, 2021 at a rate of 3% per annum compounding on June 17, 2021.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that the Court:

A.     Enter judgment in favor of plaintiffs and against defendant in the amount of $175,688.16, pursuant to the First Loan Agreement, together with contractual interest, prejudgment interest, post-judgment interest; and

B.     Enter judgment in favor of plaintiffs and against defendant in the amount of $60,451.13, pursuant to the Second Loan Agreement, together with contractual interest and prejudgment interest; and

C.     Enter an order awarding plaintiffs' reasonable attorneys' fees; and

D.     Enter an order awarding plaintiffs their costs of court; and

E.     Enter such other and further relief as the Court may deem just and proper.

*/s/ Emily S. DiBenedetto*
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
edibenedetto@shawkeller.com
*Attorney for Plaintiffs*

Dated: April 28, 2022

# EXHIBIT A

This Loan Agreement is dated ___15___ June 2021.

**Parties**

(1)     MICK KIELY (**Borrower**)

(2)     XHAIL USA, INC. (**Lender**)

(3)     XHAIL (**Xhail California**)

**1.       The Loan**

1.1     Lender agrees to lend to Borrower the sum of US$210,000 repayable in monthly instalments beginning on the Repayment Date (as below defined).

1.2     Lender shall advance the Loan to the Borrower on 15 June 2021 (the "**Advancement Date**").

**2.       Purpose**

2.1     The Lender is not obliged to monitor or verify how any amount advanced under this Agreement is used.

2.2     The Lender acknowledges the Loan is granted on an unsecured basis.

**3.       Interest**

3.1     Interest shall accrue on the Loan at a rate of 3% per annum compounding on the day immediately after the Advancement Date.

**4.       Repayment**

4.1     Borrower shall repay the Loan in 57 bi-weekly instalments of US$3,771.56 commencing on 2 July 2021 (the "**Repayment Date"**), and a final payment of $2,196.24. Borrower irrevocably authorises Xhail California to deduct Loan repayment instalments from Borrower's salary and apply those against the balance of the Loan and interest thereon, the final such instalment payment to be paid on 8 September 2023. A separate loan repayment schedule will be provided to all parties.

**5.       Counterparts**

5.1     This agreement may be executed in any number of counterparts, each of which when executed shall constitute a duplicate original, but all the counterparts shall together constitute one agreement.

## 6. Governing law and jurisdiction

6.1 This agreement and any dispute or claim (including non-contractual disputes or claims) arising out of or in connection with it shall be governed by and construed in accordance with the laws of the state Delaware.

6.2 Each party agrees that the courts in the state of Delaware shall have exclusive jurisdiction over any dispute or claim that arises out of or in connection with this agreement.

This agreement has been entered into on the date stated at the beginning of it.

**Signed by**

_____

Mick Kiely

_____

Max Renard, Board Chair, CEO

Duly authorized for and on behalf of Xhail USA, Inc., and Xhail California

# EXHIBIT B

This Loan Agreement is dated ___16___ June 2021.

**Parties**

(1)     MICK KIELY (**Borrower**)

(2)     XHAIL USA, INC. (**Lender**)

(3)     XHAIL, Inc.  (**Xhail California**)

**1.      The Loan**

1.1     Lender agrees to lend to Borrower the sum of US$60,000 repayable on the Repayment Date (as below defined).

1.2     Lender shall advance the Loan to the Borrower on 16 June 2021 (the **"Advancement Date"**).

**2.      Purpose**

2.1     The Lender is not obliged to monitor or verify how any amount advanced under this Agreement is used.

2.2     The Lender acknowledges the Loan is granted on an unsecured basis.

**3.      Interest**

3.1     Interest shall accrue on the Loan at a rate of 3% per annum compounding on the day immediately after the Advancement Date.

3.2     Interest shall accrue daily and shall be payable in full on the date of the final repayment of each of the Loans.

**4.      Repayment**

4.1     The Borrower shall repay the Loan in full together with all interest accrued thereon on 16 September 2021 (the "Repayment Date"). Accordingly, Borrower shall pay Lender the sum of US$60,451.13 on the First Repayment Date. A separate loan repayment schedule will be provided to all parties.

**5.      Counterparts**

5.1     This agreement may be executed in any number of counterparts, each of which when executed shall constitute a duplicate original, but all the counterparts shall together constitute one agreement.

1

## 6. Governing law and jurisdiction

6.1 This agreement and any dispute or claim (including non-contractual disputes or claims) arising out of or in connection with it shall be governed by and construed in accordance with the laws of the state of Delaware.

6.2 Each party agrees that the courts in the state of Delaware shall have exclusive jurisdiction over any dispute or claim that arises out of or in connection with this agreement.

This agreement has been entered into on the date stated at the beginning of it.

**Signed by**

Mick Kiely

Max Renard, Board Chair, CEO

Duly authorized for and on behalf of Xhail USA, Inc., and Xhail California

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| XHAIL USA, INC. and XHAIL, INC. | Kiely, Michael J. |

| (b) County of Residence of First Listed Plaintiff  Kent | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Emily S. DiBenedetto - Shaw Keller LLP I.M. Pei Building - 1105 N. Market Street, 12th Floor Wilmington, DE 19801 (302) 298-0700 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [x] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [x] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 U.S.C. § 1332(a)(2) |
|---|---|
| | Brief description of cause: Contract claim through diversity jurisdiction |

| VII. REQUESTED IN COMPLAINT: | [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. | **DEMAND $** $236,139.29 | CHECK YES only if demanded in complaint: JURY DEMAND: [x] Yes  [ ] No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 04/28/2022 | /s/ Emily S. DiBenedetto (No. 6779) |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)    County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)    Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.    Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.    Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: <ins>Nature of Suit Code Descriptions</ins>.

**V.    Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.    Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.    Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

John A. Cerino
CLERK OF COURT

844 North King Street, Unit 18
Wilmington, DE 19801-3570
www.ded.uscourts.gov
(302) 573-6170

# DISTRICT OF DELAWARE
# LOCAL RULE 73.1
### Magistrate Judges; Trial by Consent

Where the parties consent, the Magistrate Judge may conduct a jury or nonjury trial in any civil action and order the entry of final judgment in accordance with 28 U.S.C. § 636 (c) and Fed. R. Civ. P. 73-76. In the course of conducting proceedings in any civil action upon the consent of the parties, a Magistrate Judge may hear and determine any an all pretrial and post-trial motions including case dispositive motions.

(a) The Clerk shall notify the parties in all cases that they may consent to have a Magistrate Judge conduct any or all proceedings in the case and order the entry of final judgment.

(b) **The Clerk shall not accept a consent form for filing unless it has been signed by all parties in a case.** Plaintiff shall be responsible for securing execution and filing of such a consent form. No consent form will be made available, nor will its contents be made known to any District Judge or Magistrate Judge, unless all stated parties have consented to the reference to a Magistrate Judge.

(c) The consent form shall be filed with the Clerk not later than the final pretrial conference, unless otherwise ordered.

(d) After the consent form has been executed and filed, the Clerk shall so advise the District Court Judge to whom the case has been assigned. At the discretion of the District Judge, the Clerk shall prepare, for the District Judge's signature, an order referring the case to the Magistrate Judge. Once the case has been referred, the Magistrate Judge shall have the authority to conduct any and all proceedings to which the parties have consented and to direct the Clerk to enter a final judgment in the same manner as if a District Judge presided.

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
District of Delaware

|                    |   |                    |
|--------------------|---|--------------------|
| _____    | ) |                    |
| *Plaintiff*        | ) |                    |
| v.                 | ) | Civil Action No.   |
| _____    | ) |                    |
| *Defendant*        | ) |                    |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|--------------------------|--------------------------------------|---------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

AO 85A  (Rev. 01/09) Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
District of Delaware

|                                    |     |                    |
|------------------------------------|-----|--------------------|
| _____    | )   |                    |
| *Plaintiff*                         | )   |                    |
| v.                                  | )   | Civil Action No.   |
| _____    | )   |                    |
| *Defendant*                         | )   |                    |

### NOTICE, CONSENT, AND REFERENCE OF A DISPOSITIVE MOTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings and enter a final order dispositive of each motion.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have motions referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's consideration of a dispositive motion.*  The following parties consent to have a United States magistrate judge conduct any and all proceedings and enter a final order as to each motion identified below *(identify each motion by document number and title)*.

**Motions:** _____ _____ _____ _____

_____ _____ _____

_____ _____ _____

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** The motions are referred to a United States magistrate judge to conduct all proceedings and enter a final order on the motions identified above in  accordance with 28 U.S.C. § 636(c).

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XHAIL USA, INC. and XHAIL, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| MICHAEL J. KIELY, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## CORPORATE DISCLOSURE STATEMENT OF
## PLAINTIFF XHAIL USA, INC.

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Plaintiff Xhail USA, Inc., a

Delaware corporation ("Xhail USA"), by its undersigned counsel, states that:

1. Xhail USA is a directly wholly-owned subsidiary of Xhail AB, which is a publicly held

   company. Xhail AB is the only publicly held company that owns 10% or more of the

   stock of Xhail USA.

2. Xhail AB has no parent company, and no publicly held company owns 10% or more

   of the stock of Xhail AB.

> */s/ Emily S. DiBenedetto*
> Emily S. DiBenedetto (No. 6779)
> SHAW KELLER LLP
> I.M. Pei Building
> 1105 North Market Street, 12th Floor
> Wilmington, DE 19801
> (302) 298-0700
> edibenedetto@shawkeller.com
> *Attorney for Plaintiffs*

Dated: April 28, 2022

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XHAIL USA, INC. and XHAIL, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| MICHAEL J. KIELY, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**CORPORATE DISCLOSURE STATEMENT OF
PLAINTIFF XHAIL, INC.**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Plaintiff Xhail, Inc., a
California corporation, by its undersigned counsel, states that:

1. Xhail, Inc. is an indirectly wholly-owned subsidiary of Xhail AB, which is a publicly

    held company. Xhail AB is the only publicly held company that owns 10% or more of

    the stock of Xhail USA.

2. Xhail AB has no parent company, and no publicly held company owns 10% or more

    of the stock of Xhail AB.

*/s/ Emily S. DiBenedetto*
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
edibenedetto@shawkeller.com
*Attorney for Plaintiffs*

Dated: April 28, 2022