IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HYPH (USA), INC. and XHAIL, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-579-CFC |
| | ) | |
| MICHAEL KIELY, | ) | |
| | ) | |
| Defendant. | ) | |

## PROTECTIVE ORDER

The Plaintiffs HYPH (USA), Inc. and Xhail, Inc. ("HYPH") and Defendant Michael Kiely ("Kiely") (collectively, "Parties") hereby stipulate to the entry of the following protective order ("Order" or "Protective Order") in the above-captioned matter ("Action").

## I.    PURPOSES AND LIMITATIONS

1. Disclosure and discovery activity in this Action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecution this Action would be warranted.

2. The purpose of this Order is to expedite the flow of discovery material, to facilitate prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep

confidential, to ensure only materials entitled to such confidentiality are subject to confidential treatment, and to ensure the Parties are permitted reasonably necessary use of such materials in preparation for and during trial.

3. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## II.   <u>DEFINITIONS</u>

4. <u>"CONFIDENTIAL" Information or Items</u>: Confidential information (regardless of how generated, stored, or maintained) or tangible things that the Designating Party believes in good faith is not generally known to others who have no duty to maintain it in confidence and has significant value such that unrestricted disclosure to others would create a substantial risk of serious injury. The designation is for information that the Designating Party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, (ii) believes in good faith is significantly sensitive, or (iii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

2

5. <u>Counsel (without qualifier)</u>: Outside Counsel or In-House Counsel and all support staff thereof.

6. <u>Designating Party</u>: A Party or non-party that designates information or items that it produces in Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7. <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, generated, or otherwise provided in this Action by the Parties or by non-parties.

8. <u>Expert</u>: A person who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who is not a current or past (within the previous three years) officer, director, or employee of a Party or of a competitor of a Party and who, at the time of their engagement, does not anticipate becoming an officer, director or employee of a Party or of a competitor of a Party. Nothing in this Order is intended to change the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Order.

9. <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: "CONFIDENTIAL" Information (as defined in Paragraph 4) that

the Designating Party believes in good faith is extremely sensitive and for

which disclosure other than as permitted pursuant to this Order would create

a substantial risk of serious injury that could not be avoided by less

restrictive means. The designation is for information that constitutes

proprietary, financial, technical, or commercially sensitive competitive

information that the Designating Party maintains as highly confidential,

including information obtained from a nonparty pursuant to a current

nondisclosure agreement, information relating to future products, strategic

plans, non-public financial data, documents that would reveal trade secrets,

licensing documents and licensing communications, and settlement

agreements or settlement communications, and for which disclosure other

than as permitted pursuant to this Order would likely cause harm, including

to the competitive position of the Designating Party or a nonparty.

10. In-House Counsel: Attorneys who are employees of a Party, or attorneys

who are independent contractors of a Party and provide legal advice on an

exclusive basis to that Party.

11. Outside Counsel: Attorneys who are not employees of a Party but who are

retained to represent or advise a Party in this Action and their support staff.

12. Party: Any Party to this Action, including all of its officers, directors,

employees, consultants, retained experts, and all support staff thereof.

4

13. Producing Party: A Party or non-party that discloses or produces Disclosure or Discovery Material in this Action.

14. Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; electronically stored information (ESI) consulting or document management; preparing exhibits or demonstrations; document management; jury consulting; mock trial coordination, translators) and their employees and subcontractors (including, but not limited to, mock jurors).

15. Protected Material. Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided for in this Order.

16. Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party in this Action.

## III.  SCOPE

17. The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted from Protected Material, as well as copies, excerpts, summaries, or compilations thereof, and testimony, conversations, or presentations by a Party or Counsel to or in court or other settings that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any

information that is generally known by the public at the time of disclosure to a Receiving Party or becomes generally known by the public after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise, and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV.  **DURATION**

18. Even after the termination of this Action, the confidentiality obligations imposed by this Order remain in effect until a Designating Party agrees or a court order directs otherwise.

19. This Order is binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, experts, consultants, and all other persons or organizations over which the Parties have control.

## V.  **DESIGNATING PROTECTED MATERIAL**

20. Manner and Timing of Designations: Except as otherwise provided in this

6

Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be so designated before the material is disclosed or produced. Designation in conformity with this Order shall be made as follows:

a. <u>For information in documentary (including "electronically stored information") form:</u> (apart from transcripts of depositions or other pretrial or trial proceedings) the Designating Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" conspicuously on each page that contains Protected Material.

b. <u>For testimony given in deposition:</u> the Designating Party shall specify any portions of the testimony that it wishes to designate no later than 21 calendar days after the final transcript of the deposition has been received. For deposition transcripts, the Party or non-party may identify the entirety of a transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" but all deposition transcripts reflecting testimony not designated during the deposition will nonetheless be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which the testimony may be appropriately designated as provided for herein has

passed. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases, the court reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Order to receive or access Protected Material based on the designation

of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

c.  <u>For information produced in some form other than documentary, and for any other tangible items:</u> the Designating Party shall affix, in a prominent place on the exterior of the medium, container, or containers in which the information or item is stored, the appropriate legend.

d.  <u>Inadvertent Failure to Designate Properly:</u> An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, a Producing Party may notify the Receiving Party in writing that the material is to be designated. Upon receipt of such a notice, the Receiving Party must use reasonable efforts to ensure that the material is thereafter treated in accordance with the provisions of this Order. The Designating Party shall provide substitute copies of documents bearing the confidentiality designation. Upon receiving substitute copies, the Receiving Party shall return or securely destroy,

at the Designating Party's option, all material that was not designated properly.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

21. <u>Timing of Challenges:</u> A Receiving Party shall not be obligated to challenge the propriety of a Producing Party's designations of any Protected Material at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto under the dispute procedures in the Scheduling Order (D.I. 45) at Paragraph 6.

22. <u>Meet and Confer:</u> A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by identifying, in writing, the documents or information that the challenging Party contends should be differently designated, and the basis for its belief that the confidentiality designation is improper. The Designating Party shall, within seven (7) calendar days after receiving such a written notice, advise the challenging Party, in writing, of the basis for its designation or re-designation. Within seven (7) calendar days thereafter, unless otherwise stipulated between the Parties, the Parties shall meet and confer directly in good faith to resolve the matter.

23. <u>Judicial Intervention:</u> A Party that elects to challenge a confidentiality designation, after meeting and conferring with the Designating Party (as

described in the preceding section), may seek the Court's assistance in resolving the dispute in accordance with the Court's discovery dispute procedures and Paragraph 6 of the Scheduling Order (D.I. 45). The burden shall be on the Designating Party to justify its asserted confidentiality designation.

## VII.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

24. <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed or produced by another Party or non-party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When this Action has been terminated, a Receiving Party must comply with the provisions of Paragraph X (Final Disposition) below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access to the Protected Material is limited to the persons authorized under this Order.

25. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

11

a.  The individual Parties and with respect to corporate Parties, those current officers, directors, partners, members, employees, and agents of all such Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Action. All individuals who comprise a Party must have signed Exhibit A prior to receiving Protected Material, an executed copy of which shall be provided to all Parties upon request by any Party, Designating Party, or the Court.

b.  The Receiving Party's Outside Counsel of record in this Action, as well as employees and/or independent contractors of said Outside Counsel to whom disclosure is reasonably necessary to conduct this Action (by executing this Order, Outside Counsel acknowledges the obligation on behalf of all employees and/or independent contractors of Outside Counsel to abide by the terms and conditions of the Order and will appropriately disclose these terms and conditions to all employees who will have access to information pursuant to the Order);

c.  In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary to conduct this Action and who have signed Exhibit A prior to receiving Protected Material, an executed copy of which shall be provided to all Parties upon request by any Party,

Designating Party, or the Court;

d.  Experts (as defined in Paragraph 8) of the Receiving Party to whom disclosure is reasonably necessary to conduct this Action and who have signed Exhibit A prior to receiving Protected Material, an executed copy of which shall be provided to all Parties upon request by any Party, Designating Party, or the Court.

e.  The Court and its personnel;

f.  Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed Exhibit A;

g.  Court reporters and videographers employed in connection with this case;

h.  Professional Vendors to whom disclosure is reasonably necessary to conduct this Action;

i.  Persons who appear on the face of the Protected Material as an author, addressee, or recipient of the document or have prior knowledge of the Protected Material as established through testimony;

j.  During deposition and/or trial, current employees of the Producing Party that produced the documents or information; and

k.  Any other person with the prior written consent of the Producing

13

Party or pursuant to an order of this Court.

26. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" Information or Items: Unless otherwise ordered by the Court or

permitted in writing by the Designating Party, a Receiving Party may

disclose any information or item designated "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" only to:

    a. The Receiving Party's Outside Counsel of record in this Action, as

       well as employees and/or independent contractors of said Outside

       Counsel to whom disclosure is reasonably necessary to conduct this

       Action (by executing this Order, Outside Counsel acknowledges the

       obligation on behalf of all employees and/or independent contractors

       of Outside Counsel to abide by the terms and conditions of the Order

       and will appropriately disclose these terms and conditions to all

       employees who will have access to information pursuant to the

       Order);

    b. Experts (as defined in Paragraph 8) of the Receiving Party to whom

       disclosure is reasonably necessary to conduct this Action and who

       have signed Exhibit A prior to receiving Protected Material, an

       executed copy of which shall be provided to all Parties upon request

       by any Party, Designating Party, or the Court.

c.  The Court and its personnel;

d.  Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed Exhibit A;

e.  Court reporters and videographers employed in connection with this case;

f.  Professional Vendors to whom disclosure is reasonably necessary to conduct this Action;

g.  Persons who appear on the face of the Protected Material as an author, addressee, or recipient of the document or have prior knowledge of the Protected Material as established through testimony;

h.  During deposition and/or trial, current employees of the Producing Party that produced the documents or information; and

i.  Any other person with the prior written consent of the Producing Party or pursuant to an order of this Court.

## VIII.  **FILING PROTECTED MATERIAL**

27. All Protected Material must be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means.

15

## IX.   <u>USE OF PROTECTED MATERIAL AT COURT HEARINGS OR PROCEEDINGS</u>

28. The use of Protected Material at any Court hearing or proceeding shall be as directed by the Court. In the event that any material designated as Protected Material is used in any Court hearing or proceeding, the Party proffering the Protected Material may request that the Court close the courtroom, but the decision of whether to do so rests with the judge presiding at the hearing or proceeding.

## X.   <u>FINAL DISPOSITION</u>

29. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this Action, including all appeals, each Receiving Party must destroy or return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party by the sixty (60)-day deadline.

30. Notwithstanding the preceding section, Counsel are entitled to retain one archival copy per firm of all pleadings, motion papers, transcripts (including exhibits thereto), legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such

16

archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Paragraph IV.

## XI.   UNAUTHORTIZED DISCLOSURE OF PROTECTED MATERIAL

31. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify the Designating Party, in writing, of the unauthorized disclosure(s); (b) use reasonable efforts to retrieve all copies of the Protected Material; (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person(s) execute Exhibit A.

## XII.   MISCELLANEOUS

32. Right to Further Relief: Nothing in this Order abridges the right of any person to seek further or additional protection of any Disclosure or Discovery Material or to seek modification of the Order by the Court in the future.

33. Right to Assert Other Objections: By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

17

34. <u>No Restriction on Advising Client</u>: Nothing in this Order shall be construed to prevent Counsel from advising their respective clients regarding this case, even if Counsel must rely on Protected Material in formulating such advice, as long as no Protected Material is disclosed in violation of this Order.

35. <u>Limitation on Discovery from Experts</u>: Absent good cause, and consistent with Fed. R. Civ. P. 26(b)(4), drafts of expert reports and communications between an Expert and a Party's Counsel are not discoverable except as provided in Fed. R. Civ. P. 26(b)(4)(C). Reports and materials exempt from discovery under this section shall be treated as attorney work product for the purposes of this Action and Order.

36. <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose a Designating Party's Protected Material shall promptly notify that Designating Party of the motion so that the Designating Party may have an opportunity to appear and be heard on whether that information should be disclosed.

## XIII.  <u>INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS</u>

37. If any Party, through inadvertence, produces any Disclosure or Discovery

18

Material that it believes is immune from discovery pursuant to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, the Producing Party may give written notice to the Receiving Party that such Disclosure and Discovery Material is deemed privileged and that return of such Disclosure and Discovery Material is requested. Upon receipt of such written notice, the Receiving Party shall immediately gather the original and all copies of such Disclosure and Discovery Material of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Party except that the Receiving Party may retain one copy for the sole purpose of supplying it to the Court in connection with a dispute over the protections afforded to the document.

38. If the Producing Party discovers that material which is subject to attorney-client privilege, work-product, immunity, or any other applicable privilege or immunity has been inadvertently produced based upon the Receiving Party's use of such information during a deposition or hearing, the Producing Party may orally request the return of the information and that the Receiving Party immediately cease examination or argument regarding the document. Upon such an oral request, the Receiving Party shall immediately (a) return the Disclosure and Discovery Material information and all copies to the Producing Party (except one copy as discussed above), and (b) cease

examination or argument regarding such information. The return of such Disclosure and Discovery Material to the Producing Party shall not preclude the Receiving Party from later moving the Court to compel production of the returned Disclosure and Discovery Material on the basis that any privilege applicable thereto has been waived. However, the inadvertent production of privileged or otherwise protected Disclosure or Discovery Material in this case shall not be deemed—and the Parties expressly waive their rights to argue otherwise—to constitute a waiver of any privilege or protection that otherwise would adhere to the Disclosure or Discovery Material information.

39. The use of keyword searching to screen for and prevent production of documents that are privileged, work-product-protected, or immune from discovery under any other applicable privilege or immunity, constitutes "reasonable steps to prevent disclosure" under Fed. R. Evid. 502(b).

*/s/ Emily S. DiBenedetto*
Nathan R. Hoeschen (No. 6232)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com
*Attorney for Plaintiffs*

Dated: October 24, 2023

*/s/ Helena C. Rychlicki*
Helena C. Rychlicki (No. 3996)
PINCKNEY, WEIDINGER, URBAN
 & JOYCE LLC
2 Mill Road, Suite 204
Wilmington, DE 19806
(302) 504-1497
hrychlicki@pwujlaw.com
*Attorney for Defendant*

IT IS SO ORDERED this 24th day of October 2023,

/s/ Colm F. Connolly
Honorable Colm F. Connolly

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HYPH (USA), INC. and XHAIL, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-579-CFC |
| | ) | |
| MICHAEL KIELY, | ) | |
| | ) | |
| Defendant. | ) | |

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I, _____ declare that:

1. I have read in its entirety the foregoing Protective Order entered as an Order of the United States District Court for the District of Delaware in the action *HYPH (USA), Inc. and Xhail, Inc. v. Michael Kiely,* C.A. 22-579-CFC (D. Del.).

2. I understand and agree to be bound by the terms of the Order and to comply with its terms.

3. I understand and acknowledge that violation of the terms of the Order may be punishable by appropriate sanctions and may be treated as contempt of the Court.

4. I shall not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of

the Order. I shall use any Protected Material disclosed to me only for purposes relating to this Action as described in the Order.

5.  I understand that I am required to retain all of the materials that I receive containing Protected Material in a secure place in a manner consistent with the Order.

6.  I will return all Protected Material that comes into my possession and documents or things that I have prepared relating thereto to counsel for the party by whom I am employed or retained when requested to do so by that counsel.

7.  I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Signature

_____
Printed Name

_____
Date

23