IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HYPH (USA), INC. and XHAIL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL J. KIELY, <br><br> Defendant. | Civil Action No. 22-579-CFC |

# ORDER

Pending before me is Plaintiffs' Motion to Strike Affirmative Defenses Asserted in Defendant's Answer Pursuant to Fed. R. Civ. P. 12(f). D.I. 47. Plaintiffs ask me to strike all but the first of the twenty-seven defenses Defendant Michael J. Kiely has alleged in his Answer (D.I. 42) to Plaintiffs' Complaint. D.I. 47 at 1.

Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored and ordinarily are denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009) (internal

quotation marks and citation omitted). Nevertheless, "a court is not required to accept affirmative defenses that are mere bare bones conclusory allegations, and may strike such inadequately pleaded defenses." *Id.* at 408 (internal quotation marks and citations omitted). When a Defendant "[does] not plead sufficient facts on which [Plaintiff] could be put on notice of the nature of the [] defense," then the defense can "be stricken [as] a bare bones, conclusory allegation." *Fesnak & Assocs., LLP v. U.S. Bank Nat. Ass'n*, 722 F. Supp. 2d 496, 503 (D. Del. 2010).

Each of the challenged defenses is written as a conclusory legal statement devoid of factual backing. *See* D.I. 42 ¶¶ 35–61. That said, for three of the defenses—lack of causation (the Seventh Defense), lack of damages (the Twenty-Second Defense), and no attorney's fees (the Twenty-Seventh Defense)—I don't see how Defendant could or should be required at this stage of the litigation to state anything more than a conclusory denial and I see no basis to strike those defenses from Defendant's pleading.

NOW THEREFORE, at Wilmington on this Twenty-ninth day of April in 2024, it is HEREBY ORDERED that:

1. Plaintiffs' Motion to Strike Affirmative Defenses Asserted in Defendant's Answer Pursuant to Fed. R. Civ. P. 12(f) (D.I. 47) is DENIED IN PART AND GRANTED IN PART.

2

2. The motion is DENIED with respect to the Seventh, Twenty-Second, and Twenty-Seventh Defenses.

3. The motion is otherwise GRANTED and all but the First, Seventh, Twenty-Second, and Twenty-Seventh Defenses are STRUCK.

4. Should Defendant seek to assert a defense other than the First, Seventh, Twenty-Second, and Twenty-Seventh Defenses, he shall file no later than May 29, 2024 an Amended Answer that alleges sufficient facts to provide Plaintiff with notice of the nature of that defense.

_____
CHIEF JUDGE